UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENTWOOD GLASS CO., INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1128 HEA |
| ) | |
| THE COUNTY OF ST. LOUIS STATE OF ) | |
| MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 12].[1] Defendants oppose the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff Brentwood Glass Co., Inc. filed its Petition on February 20, 2008 in the Circuit Court for the County of St. Louis, Twenty-First Judicial Circuit, State of Missouri. On July 9, 2009, the Circuit Court allowed Plaintiff to file a Fourth Amended Petition, which added new plaintiff-intervenors, Dennis Stegman, William Brown, William Snow, and Robert Lynch, in their capacities as Trustees of the

---

[1] Also pending are: Defendants' Motion to Dismiss and their Motion to Require Plaintiffs to File Fourth Amended Petition. Because the Court concludes remand is proper, these motions will not be addressed by this Court.

Glaziers Architectural Metal and Glassworkers Local 513, Division A Glazier Unit Money Purchase Plan and Trust, and Trustees of the St. Louis Glass and Allied Industry Health and Welfare Fund, and, as Trustees of the Glaziers and Glass Workers Local Union No. 513 Vacation and Holiday Trust Fund to intervene in the Fourth Amended Petition to seek damages on behalf of its union employee benefit trust funds.

Defendants removed this action from the Circuit Court based on federal question jurisdiction. Defendants contend that the addition of the plaintiff-intervenors give rise to ERISA preemption. Conversely, Plaintiff's challenge the propriety of the removal, claiming it is premature; the Fourth Amended Petition has not been filed. In response, Defendants claim removal was timely, in that the Circuit Court allowed the filing of the specific proposed Fourth Amended Petition in which the Trustees were named.

## Discussion

Title 28 U.S.C. § 1447(c) provides, in pertinent part, as follows: "A motion to remand the case on the basis of any defect in the removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." If the Court concludes that it lacks

jurisdiction, the Court "*must* remand the case." *Transit Casualty Company v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 623 (8th Cir. 1997) (emphasis added). The Court must resolve all ambiguity in favor of jurisdiction in the state court. See *Masepohl v. American Tobacco Company, Inc.*, 974 F.Supp. 1245, 1249 (D.Minn. 1997). The Court may not rely on any allegations in the Amended Complaint proposed by Plaintiff's Motion for Leave to File Amended Complaint but must evaluate its removal jurisdiction by looking to the record as it stood when the removal petition was filed. See *id.* (citing, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348-49, 83 L.Ed. 334 (1939); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir.1969)).

"Subsequent amendment of a complaint cannot defeat removal." *Masepohl*, 974 F.Supp. at 1249 (citing *Pullman*, 305 U.S. at 537.); *Ansari v. NCS Pearson, Inc*. 2009 WL 2337137, 6 (D.Minn.,2009).

The pleadings before the Court do not establish an ERISA claim which would give rise to federal question jurisdiction. Although the Fourth Amended Petition includes such a claim, based on the pleadings on file at the time of the removal, the Court is not at liberty to consider that claim. As such, the Court lacks subject matter jurisdiction.

## Conclusion

The Motion to Remand is well taken. Based upon the pleadings in the record, the Court lacks subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 9], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the County of St. Louis, Missouri.

Dated this 15th day of January, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE